IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARICELA PEREZ, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 3:19-cv-02412-M |
| JPMORGAN CHASE BANK, N.A., | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for New Trial [ECF No. 27].  For the following reasons, the Motion is DENIED.

1. **Background**

Plaintiff defaulted by failing to make all payments due under a promissory note, and Defendant JPMorgan sent Plaintiff and her husband, by certified mail, notices of default advising them that JPMorgan would accelerate the loan unless the default was cured within 35 days.  On December 11, 2018, JPMorgan sent Plaintiff and her husband a notice of acceleration and notice of sale, advising that the Property would be sold on January 2, 2019, at 10:00 a.m.  The substitute trustee sold the Property pursuant to the notice. Plaintiff did not pay the loan before the foreclosure sale, or reach any agreement with JPMorgan to avoid foreclosure.

On September 12, 2019, Plaintiff filed this action in state court.  The case was then removed to this Court.  JPMorgan moved for summary judgment.  Plaintiff filed no response.  This Court granted summary judgment for JPMorgan, in an opinion on September 9, 2020.

Defendant moved for new trial on October 8, 2020. Defendant responded on October 27, 2020. Plaintiff did not reply. The Court treats Plaintiff's Motion for New Trial as a motion to alter or amend the judgment under Rule 59(e).

## 2. Legal Standard

A Rule 59(e) motion questions the correctness of a judgment. *McCullough v. Herron*, __ Fed.Appx. __, 2020 WL 7391573, at *8 (5th Cir. Dec. 16, 2020). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Evans v. Wells Fargo Bank, N.A.*, 389 Fed.Appx. 383, 389-90 (5th Cir. 2010). The purpose of a Rule 59 motion, asking the court to set aside a previous judgment, is to allow the court to correct manifest errors of law or fact, or to present newly discovered evidence. *Knight v. Kellogg Brown & Root Inc.*, 333 Fed.Appx. 1, 8 (5th Cir. 2009); *Sexton v. Deutsche Bank National Trust Co.*, No. 3:15-cv-2429-K, 2017 WL 5642581, at *1 (N.D.Tex. Jan. 17, 2017); *Connor v. Hale*, No. 4:15-cv-503-O, 2015 WL 12731747, at *1 (N.D.Tex. Nov. 30, 2015). These motions are not a vehicle to rehash arguments and evidence that were, or could have been, raised before judgment was entered. *McCullough*, 2020 WL 7391573, at *8. Here, Plaintiff cites no newly discovered evidence, nor any manifest errors of fact or law. Plaintiff merely argues what it could have argued in a response to the summary judgment, but elected not to do so.

3. <u>Analysis</u>

   a. **Notice**

Plaintiff complains it did not receive Defendant's notice.  As was held in the Court's Order granting summary judgment, the Texas Property Code requires only that notice be sent, not received [ECF No. 22 at 4].  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).  The uncontested evidence showed notice was sent by certified mail [ECF No. 14 at App. 096, 197].  Under *Martins*, JPMorgan complied with Tex. Prop. Code § 51.002's notice requirement.  The two tracking numbers supplied in Plaintiff's Appendix [ECF No. 25] are not newly discovered evidence.  They were in the Appendix to Defendant's Motion for Summary Judgment [*id*. at App. 096], but are not relevant to the Court's determination that proper notice was given.

   b. **Authorization to foreclose**

Plaintiff argues that JPMorgan did not prove its authority to foreclose.  As demonstrated in the Court's Order granting summary judgment, JPMorgan was the mortgagee at the time of the foreclosure sale, and thus had the authority under § 51.0075(c) and the deed of trust to take the actions it took, including foreclosure.

   c. **TDCA § 392.303(a)(2)**

As was explained in this Court's prior Order, Plaintiff's § 392.303(a)(2) claim fails as a matter of law, because the claim that JPMorgan failed to "properly account for and acknowledge payments" is not actionable under § 392.303(a)(2).  *Campos v. Integrity Mortgage Corp. of Tex.*, 3:18-cv-00895-S-BT, 2019 WL 4720337, at *6 (N.D.Tex. Sept. 9, 2019).

### d. Right to accelerate

Plaintiff argues that JPMorgan should be estopped from arguing that reinstatement quotes it sent to Plaintiff did not abandon acceleration of the foreclosure, because, according to Plaintiff, JPMorgan made a different argument in another case, *Smith et al. v. JPMC Specialty Mortgage, LLC*, No. 4:19-cv-00751-P (N.D.Tex.).  The question in this case was whether the reinstatement calculations sent by JPMorgan to Plaintiff abandoned acceleration.  Because the acceleration-related issues in the two cases are quite different, the Court finds that JPMorgan is not estopped from arguing that it did not abandon acceleration in this case.

### 4. Conclusion

Plaintiff has not demonstrated that the Court made a manifest error of law or fact, nor has it shown any newly discovered evidence.  Thus, Plaintiff's Motion for New Trial is DENIED.

**SO ORDERED**.

January 5, 2021.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE